UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHEAL KOHLER, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:18-cv-1500 |
| | ) |
| DUANE MARTIN and WENDY MARTIN, | ) |
| | ) |
| | ) |
|    Defendants. | ) |

## COMPLAINT

Plaintiff Micheal Kohler ("Kohler"), by counsel, brings this action against Defendants Duane Martin and Wendy Martin (together "Defendants"), and alleges as follows:

### OVERVIEW

1. Defendants have violated provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.*, by failing to pay Kohler overtime wages at the rate required by federal law.

### PARTIES

2. Kohler is an individual who resides in Marion County, Indiana. He was employed by Defendants within three years prior to the filing of this Complaint and was, at all times relevant to this matter, an employee as defined in Section 203(e)(1) of the FLSA, 29 U.S.C. §203(e)(1).

3. Duane Martin manages, and is responsible for the day-to-day operations of, a business operating under the name(s) of Martin's Towing and/or Martin's Wrecker Services in Indianapolis, Indiana, although neither is an active registered Indiana business. In his capacity, Duane Martin has the authority to: hire and fire employees; direct and supervise the work of employees, including Kohler; control business accounts, including payroll accounts; make

decisions regarding wage and hour classifications, including the decision to not pay overtime wages at the rate required by federal law to Kohler; and authorize expenditures on behalf of his business.  At all relevant times, Duane Martin acted and had responsibility to act on behalf, and in the interests, of Martin's Towing and/or Martin's Wrecker Services in devising, directing, implementing, and/or supervising the wage and hour practices and policies relating to employees, including the decisions to not pay overtime wages at the rate required by federal law to Kohler.  At all times relevant to this action, Duane Martin was an employer as defined in Section 203(d) of the FLSA, 29 U.S.C. §203(d).

4. At all relevant times, Wendy Martin acted and had responsibility to act on behalf, and in the interests, of Martin's Towing and/or Martin's Wrecker Services in devising, directing, implementing, and/or supervising the wage and hour practices and policies relating to employees, including the decisions to not pay overtime wages at the rate required by federal law to Kohler.  At all times relevant to this action, Kohler was an employer as defined in Section 203(d) of the FLSA, 29 U.S.C. §203(d).

## JURISDICTION AND VENUE

5. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1331 because Kohler brings a claim arising under federal law, specifically, the FLSA.

6. Venue is proper in this Court pursuant to Section 216(b) of the FLSA, 29 U.S.C. §216(b).

## COVERAGE

7. At all times relevant to this action, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce

or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.00.

## FACTS

8. Kohler was continuously employed with Martin's Towing and/or Martin's Wrecker Services from June 2017 – March 16, 2018 with the exception of a four (4) week period in late 2017.

9. Throughout the course of his employment, Kohler regularly worked in excess of forty (40) hours per week.

10. Prior to March 2018, Defendants did not compensate Kohler at a rate of one and one half times his base rate for the hours he worked in excess of forty (40) hours during each workweek.

11. Instead, Defendants paid Kohler a partial amount via a payroll check and the remainder in cash. The total amount paid to Kohler each week was calculated by multiplying Kohler's base pay rate times the number of hours he worked; no overtime premium was added to Kohler's wages.

## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

12. Kohler hereby incorporates by reference Paragraphs 1-11 of this Complaint.

13. During the relevant time period, Defendants violated the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. § 206, 207, and 215(a)(2), by employing Kohler for workweeks longer than forty (40) hours without compensating Kohler for his employment in excess of forty hours per week at the rate required by the FLSA.

14. Defendants acted knowingly, willfully, and/or with reckless disregard to Kohler's rights.

15. Kohler has suffered damages as a result of Defendants' unlawful conduct.

## **REQUESTED RELIEF**

WHEREFORE, Kohler demands:

a. An Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid overtime wages due to Kohler and for liquidated damages equal in amount to the unpaid compensation found due to Kohler;

b. An Order awarding Kohler the costs of this action;

c. An Order awarding Kohler his attorney's fees;

d. An Order awarding Kohler pre-judgment and post-judgment interest at the highest rates allowed by law; and

e. An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

 s/ Andrew G. Jones
Andrew G. Jones (#23020-49)
LAW OFFICE OF ANDREW G. JONES
9465 Counselors Row, Suite 200
Indianapolis, Indiana 46240
Telephone:    (317) 616-3671
E-Mail:        ajones@andrewgjoneslaw.com

Attorney for Plaintiff